The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE TOERING, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EAN HOLDINGS, LLC, a foreign corporation,<br><br>Defendant. | No. 2:15-cv-02016-JCC<br><br>DECLARATION OF COLLIN LANE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION |

I, COLLIN LANE, declare as follows:

1. I am over the age of 18, am not a party to this case, and have personal knowledge of the matters contained in this Declaration, except where stated upon information and belief, and as to those matters, I believe them to be true. If called to testify as a witness as to those matters, I could and would do so competently. I make this Declaration in opposition to Plaintiff's Motion for Class Certification.

2. I am a Vice President of Human Resources at EAN Holdings, LLC ("EAN"), and my territory covers EAN's operations in the City of SeaTac (among other places). In my role, I have become familiar with EAN's payroll practices for its employees in my territory. In addition, I was involved in making settlement offers to EAN's current and former employees who worked in the City of SeaTac, and therefore, I have knowledge of the facts related to those settlement agreements as discussed below.

///

LANE DECLARATION IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CLASS CERT.
(Case No. 2:15-cv-02016-JCC) – 1
DWT 30146223v2 0103687-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

### EAN's Payment of the Alleged Proposition 1 Minimum Wage

3. EAN did not implement the minimum wage that SeaTac Municipal Code 7.45 ("Proposition 1") claimed to set starting January 1, 2014, given the challenges to that ordinance in a case called *Filo Foods, et al. v. City of SeaTac*. I understand that many other employers did the same thing.

4. On August 20, 2015, the Washington State Supreme Court issued its decision in the *Filo Foods* case. Although EAN strongly disagreed (and continues to strongly disagree) with that decision, it decided to pay its SeaTac hourly employees at least $15.24 per hour (*i.e.*, the minimum wage Proposition 1 claimed to set for 2015) retroactive to August 23, 2015, which was the start of the first pay period beginning after the *Filo Foods* decision.

5. Implementing that change took some time because, among other reasons, EAN needed to review employees' pay rates and determine which employees it planned to pay above $15.24 based on seniority and other factors. EAN issued the first check paying SeaTac hourly employees at $15.24 per hour on October 23, 2015. That check covered the pay period of October 4, 2015, through October 17, 2015, and EAN issued that check according to its normal payroll cycle, which pays employees for work completed during a bi-weekly pay period on the Friday after the pay period ends. Since October 23, 2015, EAN has paid its SeaTac hourly employees at least the minimum wage Proposition 1 allegedly requires on the payday for the preceding biweekly pay period.

6. On November 6, 2015, EAN issued a retro payment to current SeaTac hourly employees for the period from August 23, 2015, through October 3, 2015. That payment equaled the difference between the amounts EAN paid the employee from August 23, 2015, through October 3, 2015, for recorded SeaTac hours, and the amounts the employee would have been paid assuming the Proposition 1 minimum wage applied to all of those hours.

LANE DECLARATION IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CLASS CERT.
(Case No. 2:15-cv-02016-JCC) – 2
DWT 30146223v2 0103687-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

### EAN's Settlement Agreements

7. In mid-2016, EAN decided to make settlement offers to the 235 current and 150 former hourly employees who worked at its SeaTac location between January 1, 2014, and August 23, 2015, in order to resolve the ongoing dispute regarding Proposition 1's validity and employees' potential related wage claims.

8. EAN calculated the amount of each individual's settlement offer as follows: First, it retrieved data regarding all hours paid to the employee (e.g., straight-time hours, overtime hours, vacation time, and sick time) from January 1, 2014, through August 23, 2015, to the extent those hours were assigned to EAN's SeaTac operations. Second, EAN compared the amount that it paid the employee for each such hour with the amount it would have paid the employee if Proposition 1 were valid and if EAN had applied the Proposition 1 minimum wage to each such hour. Third, if the Proposition 1 amount exceeded what EAN previously paid, EAN included the difference in the employee's settlement offer.

### Information Regarding Offers to Current Employees

9. For the 235 employees employed as of mid-May 2016, EAN primarily communicated the settlement offers during town-hall meetings led by Regional Vice President Mark Verbois. Mr. Verbois conveyed the offers based on talking points and frequently asked questions that are attached to this Declaration as Exhibits 1 and 2, respectively. EAN also distributed the settlement agreements to the current employees at the meeting, and each contained the amount EAN was offering the employee in exchange for the terms of the agreement. A true and correct copy of the template that EAN used to generate the releases for current employees is attached to this declaration as Exhibit 3.

10. Some SeaTac hourly employees primarily speak Somali or Spanish. EAN provided those employees with a copy of the release in Somali or Spanish. True and correct templates for the Somali and Spanish translations are attached to this Declaration as Exhibits 4 and 5, respectively.

LANE DECLARATION IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CLASS CERT.
(Case No. 2:15-cv-02016-JCC) – 3
DWT 30146223v2 0103687-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

11. A handful of hourly employees who had worked at SeaTac between January 1, 2014, and August 23, 2015, were not able to attend the town hall meetings during which EAN conveyed the settlement offers. For those individuals, either I or other Human Resources representatives conveyed the settlement offers verbally or by mail or email. A true and correct copy of an example of those communications is attached to this Declaration as Exhibit 6.

12. To date, 234 of the 235 individuals in the current employee group have accepted the settlement offers. True and correct copies of their signed settlement agreements are attached to this Declaration as Exhibit 7.

**Information Regarding Offers to Former Employees**

13. EAN conveyed settlement offers by mail to the 150 hourly employees—including plaintiff Bruce Toering—who worked at EAN's SeaTac operations between January 1, 2014, and August 23, 2015, but who were not employed by EAN as of mid-May 2016. EAN mailed the letters to the employee's address stored in its Human Resources Information System called PeopleSoft. The mailing, which occurred on June 2, 2016, included a cover letter and a copy of the settlement agreement. A true and correct copy of the templates EAN used to prepare the cover letters to former employees is attached to this declaration as Exhibit 8, and a true and correct copy of the templates EAN used to prepare the former employees' settlement agreements are attached to this Declaration as Exhibit 9.

14. For former employees (except plaintiff) who had not told EAN whether or not they were interested in the settlement as of July 13, 2016, I sent the employee an email attaching a duplicate copy of the original letter and settlement agreement (provided EAN had an email address for the individual). I also included a brief message in the body of the email, and I used the same message in each email. Attached to this Declaration as Exhibit 10 is a true and correct copy of that message. The employee's email address has been redacted to avoid filing confidential information on the public docket.

15. For former employees (except plaintiff) who had not told EAN whether or not they were interested in the settlement as of July 19, 2016, an employee acting at my direction

LANE DECLARATION IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CLASS CERT.
(Case No. 2:15-cv-02016-JCC) – 4
DWT 30146223v2 0103687-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

performed address skip traces to attempt to locate additional address information for such individuals. If we found a different address, I mailed a duplicate copy of the original letter and settlement agreement to the employee. The mailing also included an additional cover letter. A true and correct copy of the template I used for the additional cover letter is attached to this Declaration as Exhibit 11.

16. To date, 124 of the 150 former employees have returned signed settlement agreements. True and correct copies of their settlement agreements are attached to this declaration as Exhibit 12. The former employees who signed settlement agreements include Noor Yosof, who, after this lawsuit started, filed a second lawsuit against EAN regarding Proposition 1 but later dismissed his case.

### Questions Regarding Settlement Offers

17. Employees occasionally contacted me or members of my staff with questions about their settlement offers, and I and members of my staff responded to those questions. For example, some individuals asked for details showing EAN's calculation of their settlement offer amount, and we provided those individuals with that information.

18. One individual named Aleysha Honablue initially stated that she was not interested in the settlement because she wanted to be paid interest and double damages. I informed her that EAN was not willing to offer more and that she could decide whether or not she wanted to accept the offer. Ultimately, she returned a signed settlement agreement that is included in Exhibit 12.

### Additional Release Statistics

19. I have reviewed the settlement amounts current and former employees have claimed to date. The largest individual settlement claimed equals $24,951.13 and settlement payments have averaged approximately $6,771.

20. I also have reviewed the amounts of EAN's pending settlement offers to the 27 individuals (including plaintiff) who have not accepted the settlement offers. The average amount of those individuals' settlement offers is $1,630.

LANE DECLARATION IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CLASS CERT.
(Case No. 2:15-cv-02016-JCC) – 5
DWT 30146223v2 0103687-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**Address Information for Individuals Who Have Not Signed Settlement Agreements**

21.     As discussed above in paragraph 13, EAN used address data from its PeopleSoft system for the initial mailing to former employees. EAN creates and maintains those data in the regular course of its business activities and according to its regular practices, and the data are made at or near the time of the event recorded by someone with knowledge (or from information transmitted by such a person). Some of those addresses, however, resulted in mailings being returned without any forwarding address.

22.     Moreover, as discussed above in paragraph 15, EAN ran skip tracing to attempt to locate additional address information for certain individuals who had not signed settlement agreements. In some instances, that skip tracing yielded one or two new addresses for an individual, but in other cases, it did not yield any additional addresses. Moreover, some of the mailings to the new addresses came back as return to sender without any forwarding address.

23.     In the chart below, I have listed address information from the PeopleSoft system and the skip trace process for 26 of the 27 individuals who have not yet returned settlement agreements provided the address did not result in a "return to sender" response with no forwarding address. For one individual, Luhena Asrat, both the PeopleSoft address and the skip trace address came back as return to sender. Her PeopleSoft address was located in SeaTac, Washington and her skip trace address was located in Auburn, Washington.

| Name | City |
|---|---|
| Aldana, Emmanuel | Everett, Washington |
| Bell, Ashley R | Broken Arrow, Oklahoma |
| Chou, John L | Lake Forest Park, Washington |
| Granados, Audelino | Federal Way, Washington; Auburn, Washington |
| Haase, Ursula J | Milton, Washington; Pullman, Washington |
| Ibrahim, Zuhur | Seattle, Washington |

LANE DECLARATION IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CLASS CERT.
(Case No. 2:15-cv-02016-JCC) – 6
DWT 30146223v2 0103687-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

| Name | City |
|---|---|
| Kaulia, Florajo D | Des Moines, Washington |
| Kokosz, Chandler D | Bellevue, Washington |
| Lilly, Monica C | Seattle, Washington |
| Malmberg, Nels E | Rochester, Washington; Lynwood, Washington |
| Miller, Jayne M | Federal Way, Washington |
| Nur, Ahmed A | Dutch Harbor, Arkansas |
| Pastores, Carlo | Seattle, Washington |
| Quinn, Breanna J | Seattle, Washington |
| Robinson, Rosemary | Seattle, Washington |
| Rux, Catherine M | Tacoma, Washington |
| Said, Bahari | SeaTac, Washington |
| Saylor, Robert L | Tacoma, Washington |
| Sol, David Y | Mukilteo, Washington |
| Symeonidis, Anestis T | Seattle, Washington |
| Taylor, Lukas C | Renton, Washington |
| Toering, Bruce D | Seattle, Washington |
| Toombs, Perlum C | Renton, Washington; Monroe Washington |
| Tran, Diem Trinh N | Bothell, Washington |
| Waddell, Zachary V | Renton, Washington |
| Waters, Kaitlin D | Seattle, Washington |

///

///

///

LANE DECLARATION IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CLASS CERT.
(Case No. 2:15-cv-02016-JCC) – 7
DWT 30146223v2 0103687-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1     I certify and declare under penalty of perjury under the laws of the United States of
2 America and the State of Washington that the foregoing is true and correct.
3     DATED this 8th day of August, 2016 at Renton, Washington.

*[signature]*
Collin Lane

LANE DECLARATION IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CLASS CERT.
(Case No. 2:15-cv-02016-JCC) – 8
DWT 30146223v2 0103687-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States of America that on August 8, 2016, I electronically filed the foregoing Declaration of Collin Lane with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carson Flora
Dmitri Iglitzin
Schwerin Campbell Barnard Iglitzin & Lavitt
18 W. Mercer St., Suite 400
Seattle, WA 98119
flora@workerlaw.com
iglitzin@workerlaw.com

Adam J. Berger
Martin S. Garfinkel
Schroeter Goldmark & Bender
810 3rd Ave., #500
Seattle, WA 98104
berger@sgb-law.com
garfinkel@sgb-law.com

DATED this 8th day of August, 2016 at Seattle, Washington.

/s/ Margaret C. Sinnott
Margaret C. Sinnott
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700

LANE DECLARATION IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CLASS CERT.
(Case No. 2:15-cv-02016-JCC) – 9
DWT 30146223v2 0103687-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax