THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE TOERING,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EAN HOLDINGS LLC,<br><br>　　　　　　Defendant. | CASE NO. C15-2016 JCC<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on Defendant's motion for partial judgment on the pleadings (Dkt. No. 20). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES WITHOUT PREJUDICE the motion for the reasons explained herein.

I.   BACKGROUND

　A.   The Complaint

Plaintiff Bruce Toering brings this putative class action on behalf of current and former employees of Defendant EAN Holdings. (Dkt. No. 2-1 at 4–5.) Defendant operates rental car companies at Seattle-Tacoma International Airport. (Dkt. No. 20 at 2.) Plaintiff alleges that he worked for Defendant as a "lot driver," and that since January 1, 2014, when SeaTac Municipal Code 7.45 (the "Ordinance") went into effect, Defendant paid him an hourly wage below the

PAGE - 1

"living wage" of $15.00 per hour that the Ordinance mandated for "transportation employer[s].[1] (Dkt. No. 2-1 at 5.) Plaintiff also alleges that, "[i]n some instances," Defendant failed to pay the proper overtime rate. (*Id.*)

Plaintiff brings three causes of action against Defendant: violation of SeaTac Municipal Code 7.45.050(A); violation of RCW 49.46.130 (the Washington Minimum Wage Act); and willful withholding of wages in violation of RCW 49.52 (the Washington Wage Rebate Act). (*Id.* at 7.) To remedy Defendant's alleged violation of the Wage Rebate Act, Plaintiff seeks "exemplary damages equal to double the wages due potential class members after August 20, 2015." (Dkt. No. 2-1 at 8.)

In its present motion, Defendant asks the Court to dismiss Plaintiff's claim for double damages. (Dkt. No. 20 at 2.)

### B.     The Ordinance

The parties do not appear to dispute the following facts, which concern an earlier but related legal challenge to the validity of the Ordinance.

In June 2013, the SeaTac Committee for Good Jobs circulated a petition proposing a set of minimum employment standards, including a minimum hourly wage of $15.00, for certain SeaTac employers. *Filo Foods, LLC v. City of SeaTac*, 183 Wash.2d 770, 779 (2015). After the SeaTac City Council found that the Committee had gathered enough signatures, it put the initiative, known as Proposition 1, on the ballot. *Id.*  Before the vote, Filo Foods and other employers who would be affected by Proposition 1 (but who are not parties to the current suit) sued in Washington State Superior Court, challenging the sufficiency of the signatures submitted

---

[1] The parties agree that the living wage was raised to $15.24 per hour on January 1, 2015. (Dkt. No. 20 at 6; Dkt. No. 2-1 at 5.)

in support of the petition. *Id.* The superior court held that Proposition 1 could not go on the ballot, but the court of appeals reversed on September 6, 2013 and issued a written order on February 10, 2014. *Filo Foods LLC v. City of SeaTac*, 179 Wash. App. 401, 403–05 (2014). A few months later, on April 30, 2014, the Washington Supreme Court stayed review of the ballot sufficiency issue pending a final decision on separate substantive challenges to Proposition 1, which are described below. *Filo Foods*, 183 Wash.2d at 779 n.1. Voters approved Proposition 1 on November 5, 2013, after which it was codified as SeaTac Municipal Code 7.45 and took effect on January 1, 2014. *Id.* at 778, 780.

After Proposition 1 passed, the *Filo* plaintiffs amended their complaint to add several substantive challenges to the ordinance under state and federal law, and moved for summary judgment. *Id.* at 780. The superior court granted the motion in part, finding that the Ordinance could not be enforced at SeaTac Airport and was partially preempted by federal law. *Id.* The supreme court accepted direct discretionary review. *Id.* at 780–81. On August 20, 2015, it reversed the superior court, holding that the Ordinance could be enforced at the airport and that it was not preempted. *Id.* at 809–10. Thus, the supreme court upheld the Ordinance "in its entirety." *Id.*

The supreme court denied the *Filo* plaintiffs' motion for reconsideration on November 30, 2015, and remanded for further proceedings on December 1, 2015. (Dkt. No. 20 at 5.) The superior court dismissed all claims on December 30, 2015 except those pending review in the supreme court regarding the sufficiency of the petition signatures. (*Id.* at 6.) On February 10, 2016, the supreme court denied review of the court of appeals' February 2014 decision upholding the signatures' sufficiency. (Dkt. No. 20 at 6.)

Defendant now argues that there is at least a "bona fide dispute" that *Filo* was wrongly decided, and thus it should not be liable for double damages.

## II.   DISCUSSION

### A.   Legal Standard

"Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). "When ruling on a motion to dismiss, a court may consider the pleadings, documents attached to the pleadings, documents incorporated by reference in the pleadings, and matters of judicial notice." *Kuhlmann v. Sabal Fin. Grp. LP*, 26 F. Supp. 3d 1040, 1053 (W.D. Wash. 2014). Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).

The Washington Wage Rebate Act "must be liberally construed to advance the Legislature's intent to protect employee wages and assure payment." *Schilling v. Radio Holdings, Inc.*, 136 Wash. 2d 152, 159 (1998). Nonetheless, an employer is not liable for double damages under the Act unless it "willfully" withholds an employee's wages. *Yakima Cty. v. Yakima Cty. Law Enf't Officers Guild*, 157 Wash. App. 304, 341 (2010). An employer's failure to pay wages is not willful if a "bona fide" dispute existed between the employer and the employee regarding the payment of wages. *Schilling*, 136 Wash. 2d at 160; *see also Chelan Cty. Deputy Sheriffs' Ass'n v. Chelan Cty.*, 109 Wash. 2d 282, 300 (1987) (holding that the "[n]onpayment of wages is willful…when it is the result of knowing and intentional action and not the result of a bona fide dispute as to the obligation of payment").

A bona fide dispute is one in which it is "fairly debatable" whether all or a portion of an employee's wages must be paid or whether an employment relationship exists. *Yakima Cty.*, 157 Wash. App. at 341. The employer bears the burden of demonstrating that the exception applies. *Washington State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 175 Wash. 2d 822, 834 (2012). A bona fide dispute may exist during the pendency of litigation, *Morrison v. Basin Asphalt Co.*, 131 Wash. App. 158, 165 (2005); whether one exists at all is a question of fact. *Chelan Cty.*, 109 Wash. 2d at 300. None exists when a defendant simply argues that a case was wrongly decided without putting forth a "meritorious argument." *Dep't of Labor & Indus. v. Overnite Transp. Co.*, 67 Wash. App. 24, 36 (1992).

**B.     Analysis**

The issue at hand is when, if ever, it was no longer "fairly debatable" that Defendant was required to pay Plaintiff the new minimum wage under the Ordinance. As the Court has explained, even though the Ordinance went into effect on January 1, 2014, the *Filo* plaintiffs continued to dispute its validity until February 10, 2016. Since Defendant is also arguing that the Ordinance is invalid, if the *Filo* plaintiffs had a bona fide dispute on this point during the pendency of their litigation, then Defendant seemingly had one at that time as well. Thus, the crux of the matter is whether Defendant's dispute was ever truly bona fide, and if it was, whether it has ceased being so.

Plaintiff argues that there was no longer a bona fide dispute after August 20, 2015, the date the supreme court upheld the Ordinance in its entirety. Therefore, Plaintiff argues, Defendant's alleged failure to pay him the new minimum wage—plus back wages—after this date was willful and subject to double damages.

Defendant makes several interrelated arguments in response. First, Defendant argues that

ORDER DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS
PAGE - 5

a bona fide dispute still existed after the supreme court's August 2015 ruling because (1) it did not rule on the *Filo* plaintiffs' motion for reconsideration until November 30, 2015, (2) the superior court did not dismiss all of the *Filo* plaintiffs' claims except the signature sufficiency challenge until December 30, 2015, and (3) the supreme court did not deny review on that final claim until February 10, 2016. Second, Defendant argues that a bona fide dispute still exists *today* because it is fairly debatable whether the Ordinance applies to SeaTac Airport under state law and whether it is preempted by federal law. Third, Defendant argues that a bona fide dispute still exists as to whether the Ordinance applies retroactively to January 1, 2014. Fourth, and finally, Defendant argues, in its reply, that even if Plaintiff is correct and there is no longer a bona fide dispute, Defendant should not be liable for willfully withholding wages because an "unreasonable" amount of time has not passed since the bona fide dispute ceased to exist.

But the Court will not address each of these arguments in this Order. Instead, because it is unable to determine, at present, whether a bona fide dispute still exists *today*, it denies Defendant's motion without reaching its other arguments. Defendant is correct that even if it ultimately loses on the merits, its dispute as to the validity of the Ordinance might still be bona fide, in which case it would not be liable for double damages. *See Morrison*, 131 Wash. App. at 166 ("The fact that the court ultimately disagreed with [the defendants'] position does not mean there was no bona fide dispute."). But to be bona fide, Defendant's dispute must be "meritorious," and the Court cannot make that determination until the parties have fully briefed Defendant's federal and state law arguments. If Defendant is simply repeating the same challenges as the *Filo* plaintiffs, and if the Court later determines that the supreme court's conclusion in that case was patently correct, then Defendant will be hard-pressed to argue that its

current dispute is truly meritorious and thus bona fide.[2]

Once Defendant's substantive challenges to the Ordinance have been fully briefed, it may reassert its arguments against double damages. If the Court finds that Defendant's dispute is *not* currently bona fide, then it will determine whether it ceased being so after August 20, 2015, or at some later date. The Court need not make this determination now, however, because if Defendant's dispute *is* currently bona fide, then it was also bona fide after August 20, 2015. For that same reason, the Court also need not determine at present whether the Ordinance applies retroactively or whether Defendant waited an unreasonable length of time to comply. If Defendant is correct, then the Ordinance does not apply at all, and Defendant never needed to comply.

**III.  CONCLUSION**

For the foregoing reasons, Defendant's motion for partial judgment on the pleadings (Dkt. No. 20) is DENIED WITHOUT PREJUDICE.

//

//

//

//

//

---

[2] In *Morrison*, upon which Defendant heavily relies, the court of appeals found that a wage dispute was bona fide *up until* the proper payment amount was conclusively determined in a separate case. 131 Wash. App. at 165. According to the *Morrison* court, until that separate case was decided, "no court had *squarely considered* the question whether a driver was entitled to the prevailing wage for the delivery cycle." 131 Wash. App. at 166 (emphasis added). Here, however, it appears that the supreme court already "squarely considered" all of Defendant's arguments in *Filo*, even though Defendant was not a party to that case.

ORDER DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS
PAGE - 7

DATED this 9th day of August 2016.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS
PAGE - 8